# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN TUAN DIEP,<br><br>           Petitioner,<br><br>   v.<br><br>JEFF WRIGLEY, Warden,<br><br>           Respondent. | CV F 06-00997 OWW DLB HC<br><br>ORDER REQUIRING RESPONDENT TO SUBMIT ANSWER ADDRESSING MERITS OF PETITION<br><br>ORDER REQUIRING RESPONDENT TO SUBMIT NOTICE OF APPEARANCE<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the

petitioner's custodian.  Brown, 610 F.2d at 677.

In this case, Petitioner contends the Bureau of Prisons has refused to assess him under 18 U.S.C. § 3621(b) to determine if he is eligible for six months of pre-release placement at a Community Corrections Center.  Petitioner is challenging the execution of his sentence rather than the imposition of that sentence.  Thus, his petition is proper under 28 U.S.C. § 2241.  In addition, because Petitioner is currently incarcerated at the Taft Correctional Institution, in Taft, California, which is within the Eastern District of California, and this Court has jurisdiction to proceed to the merits of the petition. See U.S. v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).

## ORDER

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[1] the Court HEREBY ORDERS:

1. Respondent SHALL FILE an ANSWER addressing the merits of the Petition within **FORTY FIVE (45)** days of the date of service of this order. Respondent shall include with the response any and all transcripts or other documents relevant to the resolution of the issues presented in the petition, including copies of appeals taken by a prisoner within the prison and before the Bureau of Prisons.[2]  Rule 5 of the Rules Governing Section 2254 Cases. The Court recognizes that Counsel on behalf of the Government and/or the Institution[3] may wish to respond on separate issues raised in the Petition.  However, the Court will accept only one (1)

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

[2] In the event Respondent is unable to obtain a photocopy of prisoner appeals and intends to file a computerized printout of the disposition, Respondent must also provide the Court with translation of the internal codes used in the printout. To the extent the claims concern prison policy and procedure not accessible to the Court by electronic means (Westlaw/Lexis), Respondent must provide the Court with a photocopy of all prison policies and/or procedures at issue in the case. This includes any *internal* prison policies of which a prisoner complains and is subject to.

[3] Counsel for the "Institution" means private Counsel representing contracted facilities such as Taft Correctional Institution, (Wackenhut Corrections Corporation), or California City Correctional Center (Corrections Corporation of America).

1  "Answer." Such Answer SHALL CONTAIN all argument with respect to all of
2  the issues raised in the Petition, whether formulated by Counsel for the
3  Government or the Institution.

4  2.   Respondent SHALL FILE a Notice of Appearance within **TWENTY (20)** days of
5  the date of service of this Order. The Notice SHALL indicate the name of the
6  individual(s) who will be representing the Government and/or the Institution. The
7  Notice is necessary to ensure that the appropriate counsel for Respondent is being
8  served by the Court. The submission of the Notice of Appearance will terminate
9  Court service on those listed in paragraph 4.

10 3.   Petitioner's TRAVERSE, if any, is due on or before **TWENTY (20)** days from
11 the date Respondent's Answer is filed.

12 4.   The Clerk of the Court SHALL serve a copy of this Order along with a copy of the
13 Petition and all exhibits on the Office of the United States Attorney for the
14 Eastern District of California, an agent for the appropriate Correctional Institution
15 if applicable, and the United States Bureau of Prisons.

16 All motions shall be submitted on the record and briefs filed without oral argument unless
17 otherwise ordered by the Court. Local Rule 78-230(h). All provisions of Local Rule 11-110 are
18 applicable to this order.

19 IT IS SO ORDERED.

20 **Dated:   August 9, 2006**            **/s/ Dennis L. Beck**
3b142a                                   UNITED STATES MAGISTRATE JUDGE

3