# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN TUAN DIEP,<br><br>    Petitioner,<br><br>    v.<br><br>JEFF WRIGLEY, Warden,<br><br>    Respondent.<br>_____/ | CV F 06-00997 OWW DLB HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br>(Doc. 8)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner pled guilty in the Central District of California to one count of conspiracy to distribute and possess with intent to distribute MDMA. 21 U.S.C. §§ 841(a)(1), 846; Exhibit 1, Motion. On September 19, 2005, Petitioner was sentenced to 18 months incarceration, 36 months of supervised release, a fine of $15,000.00, and a penalty assessment of $100.00. Id. If Petitioner were to serve his full term, he would be released on April 14, 2007. Exhibit 2, at 3, Motion. As of August 15, 2006, Petitioner was scheduled to be released on February 3, 2007, based on the good time credits he had earned and was projected to earn in the future. Id.

On October 20, 2006, the Magistrate Judge issued Findings and Recommendations recommending that the instant petition be granted and Respondent be ordered to consider the appropriateness of transferring Petitioner to an Residential Re-entry Center ("RRC"). (Court

Doc. 7.) On November 14, 2006, Respondent filed a motion to dismiss the petition as moot. (Court Doc. 8.)

## DISCUSSION

As Respondent submits, in 2005, the Bureau of Prisons ("BOP") adopted regulations that limit the amount of time that an inmate can spend in a halfway house at the end of his sentence to a lesser of 10% of the inmate's total sentence or six months, unless special statutory circumstances apply. 28 C.F.R. §§ 570.20, 570.28. Respondent submits that if this criterion were applied in the instant case, Petitioner could not be released until December 19, 2006. Exhibit 2, page 2.[1] Petitioner argues that the regulation is invalid and that he is entitled to evaluation for a halfway house placement without consideration of its limitations. Petition, at 2. Respondent argues that the petition should be dismissed because Petitioner had already been given the evaluation he has requested. The Court agrees.

In his motion, Respondent states that the BOP has evaluated Petitioner "without reference to the time constraints imposed by 28 C.F.R. § 570.20-21 or the 2002 and 2005 Community Corrections Policies." Motion, at 2; Exhibit 3. As a result of this evaluation, it was recommended that Petitioner spend 30-60 days in a RRC prior to his release. Respondent has provided a copy of the completed form entitled "Institutional Referral for CCC Placement." See Exhibit 3, Motion. According to the form, Petitioner was evaluated on October 22, 2006, consistent with this Court's opinions in Horn v. Ellis, Case No. 1:06-CV-0006 OWW TAG HC and Arcediano v. Wrigley, Case No. 06-CV-00780 AWI DLB HC, which held that the 2005 BOP regulations contradict, rather than interpret, Congress's intent in enacting 18 U.S.C. §§ 3621(b) and 3624(c), and directed that the Petitioners be evaluated in light of the factors set forth in 18 U.S.C. § 3621(b), not excluding any other factors deemed appropriate by the Bureau of Prisons ("BOP"), without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21. Id.

Because Petitioner has already been granted the relief he requested and recommended by

---

[1] This date is called the pre-release preparation date.

2

the Magistrate Judge, the case is now moot.  The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." <u>North Carolina v. Rice</u>, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

<u>ORDER</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss is GRANTED;

2. All pending motions are DENIED as MOOT;

3. The Petition for Writ of Habeas Corpus is DISMISSED as MOOT; and

4. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   December 19, 2006**             /s/ Oliver W. Wanger
emm0d6                                  UNITED STATES DISTRICT JUDGE